In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00156-CR


NO. 09-09-00157-CR


NO. 09-09-00158-CR


____________________



DWAYNE ISIAH GREEN, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 252nd District Court


Jefferson County, Texas


Trial Cause Nos. 99027, 99081, and 99082





 

MEMORANDUM OPINION


 Pursuant to plea bargain agreements, appellant Dwayne Isiah Green pled guilty to
burglary of a habitation, burglary of a building, and retaliation. In each case, the trial court
found the evidence sufficient to find Green guilty, but deferred further proceedings. In the
burglary of a habitation case, the trial court placed Green on community supervision for ten
years and assessed a fine of $1000. In the burglary of a building case, the trial court placed
Green on community supervision for five years and assessed a fine of $500. In the retaliation
case, the trial court placed Green on community supervision for ten years and assessed a
$1000 fine. The State subsequently filed a motion to revoke Green's unadjudicated
community supervision in each case. Green pled "not true" to the sole alleged violation of
the conditions of his community supervision in all three cases. After conducting an
evidentiary hearing, the trial court found the alleged violation in each case to be true. In each
case, the trial court found that Green violated the conditions of his community supervision
and found him guilty. In the burglary of a habitation case, the trial court assessed punishment
at twenty years of confinement. In the burglary of a building case, the trial court assessed
punishment at two years of confinement in a state jail facility. In the retaliation case, the trial
court assessed punishment at ten years of confinement. The trial court ordered that the
sentence in the retaliation case was to run consecutively to the sentence in the burglary of a
habitation case, and the sentence in the burglary of a building case was to run consecutively
to the sentence in the retaliation case.

 Green's appellate counsel filed a brief that presents counsel's professional evaluation
of the records and concludes the appeals are frivolous. See Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). On June 11, 2009, we granted an extension of time for appellant to file a pro se brief
in each case. We received no responses from appellant. We reviewed the appellate records,
and we agree with counsel's conclusion that no arguable issues support the appeals. 
Therefore, we find it unnecessary to order appointment of new counsel to re-brief the
appeals. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We
affirm the trial court's judgments. (1)

 AFFIRMED.


 _____________________________

 STEVE McKEITHEN

 Chief Justice



Submitted on October 15, 2009

Opinion Delivered October 28, 2009

Do Not Publish


Before McKeithen, C.J., Kreger and Horton, JJ.
1. Appellant may challenge our decision in these cases by filing a petition for
discretionary review. See Tex. R. App. P. 68.